AO 245B (Rev. 03/01)
Sheet 1 - Judgment in a Criminal Case

# United States District Court

**Eastern District of Missouri**

**FILED** JUL 0 2 2003
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO

UNITED STATES OF AMERICA
v.
JAMES E. GEMIGNANI

JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

Case Number: 4:03CR00047 SNL

William S. Margulis
Defendant's Attorney

**THE DEFENDANT:**

☒ pleaded guilty to count(s) I and II of the two-count indictment on April 15, 2003
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 USC 846 and 841(a)(1) | Conspiracy to Possess with Intent to Distribute Marijuana | January, 2003 | I |
| 21 USC 846 and 841(a)(1) | Conspiracy to Possess with the Intent to Distribute Cocaine | January, 2003 | II |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☐ Count(s) _____ dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendants Soc. Sec. No.: ▆▆8478
Defendant's Date of Birth: ▆▆/77
Defendant's USM No.: 29050-044
Defendant's Residence Address:
▆▆▆▆▆
New Castle, Delaware ▆▆

Defendant's Mailing Address:
See above

July 2, 2003
Date of Imposition of Judgment

_[signature]_
Signature of Judicial Officer

STEPHEN N. LIMBAUGH
SENIOR UNITED STATES DISTRICT JUDGE
Name & Title of Judicial Officer

JAMES G. WOODWARD, CLERK
A TRUE COPY OF THE ORIGINAL
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
BY: _[signature]_
DEPUTY CLERK

July 2, 2003
Date

Record No.: 189

AO 245B (Rev. 03/01) Sheet 2 - Imprisonment

Judgment-Page __2__ of __6__

DEFENDANT: JAMES E. GEMIGNANI
CASE NUMBER: 4:03CR00047 SNL

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of  70 MONTHS

This term consists of 70 months on Count I and 70 months on Count II, to be served concurrently.

☒ The court makes the following recommendations to the Bureau of Prisons:

IT IS HEREBY RECOMMENDED that the defendant be placed in an institution with an intensive drug and alcohol treatment program.

☐ The defendant is remanded to the custody of the United States Marshal.

☒ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ a.m./pm on _____

  ☒ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____

  ☐ as notified by the United States Marshal

  ☐ as notified by the Probation or Pretrial Services Office

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

AO 245B (Rev. 03/01)  Sheet 3 - Supervised Release

Judgment-Page __3__ of __6__

DEFENDANT: JAMES E. GEMIGNANI
CASE NUMBER: 4:03CR00047 SNL

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of __36 MONTHS__

This term consists of 36 months on Count I and 36 months on Count II, to be served concurrently

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

    The defendant shall not commit another federal, state, or local crime.

    The defendant shall not illegally possess a controlled substance.

*For offenses committed on after September 13, 1994:*

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 03/01)   Sheet 3 - Supervised Release

Judgment-Page __4__ of __6__

DEFENDANT: JAMES E. GEMIGNANI
CASE NUMBER: 4:03CR00047 SNL

## ADDITIONAL SUPERVISED RELEASE TERMS

1. The defendant shall refrain from any unlawful use of a controlled substance and submit to a drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter for use of a controlled substance.

2. The defendant shall submit his person, residence, office, or vehicle to a search, conducted by the United States Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be ground for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

3. The defendant shall participate in a drug or alcohol abuse treatment program approved by the United States Probation Office, which may include substance abuse testing, counseling, residence in a community corrections Center, residence in a Comprehensive Sanctions Center, or inpatient treatment in a treatment center or hospital. The defendant shall pay for the costs associated with substance abuse counseling based on a co-payment sliding fee scale approved by the United States Probation Office. Co-payments shall never exceed the total costs of counseling.

AO 245B (Rev. 03/01)   Sheet 5 - Criminal Monetary Penalties

Judgment-Page  5  of  6

DEFENDANT: JAMES E. GEMIGNANI
CASE NUMBER: 4:03CR00047 SNL

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $200.00 | | |

☐ The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case (AO 245C) will be entered after such a determination.

☐ The defendant shall make restitution, payable through the Clerk of Court, to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Totals: | | | |

☐ If applicable, restitution amount ordered pursuant to plea agreement _____

☐ The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ The interest requirement is waived for the.   ☐ fine and /or   ☐ restitution.

  ☐ The interest requirement is modified as follows:   ☐ fine and /or   ☐ restitution is modified as follows

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 03/01)   Sheet 6 - Criminal Monetary Penalties

Judgment-Page  6  of  6

DEFENDANT: JAMES E. GEMIGNANI

CASE NUMBER: 4:03CR00047 SNL

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  ☒  Lump sum payment of  $200.00  due immediately, balance due

☐ not later than _____ , or

☐ in accordance with  ☐ C,  ☐ D, or  ☐ E below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ E below; or

C  ☐  Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of _____ e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of _____ e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States attorney.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several
   Defendant Name, Case Number, and Joint and Several Amount

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment; (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution; (6) fine interest.(7) penalties, and (8) costs, including cost of prosecution and court costs